[No. C005458. Third Dist. May 30, 1990.]

CALIFORNIA COMMON CAUSE et al., Petitioners, v.
FAIR POLITICAL PRACTICES COMMISSION et al., Respondents;
ROSS JOHNSON et al., Real Parties in Interest.

COUNSEL

Howard, Rice, Nemerovski, Canady, Robertson & Falk and Jerome B. Falk for Petitioners.

John K. Van de Kamp, Attorney General, Richard Frank, Deputy Attorney General, and Kathryn Donovan for Respondents.

Hallisey & Johnson and Jeremiah F. Hallisey for Real Parties in Interest.

## OPINION

**PUGLIA, P. J.**—Government Code section 85300, enacted in 1988 as part of Proposition 73, amends the Political Reform Act of 1974 (Gov. Code, § 81000 et seq.) to prohibit the use of public money for political campaigns. (Hereafter all citations to sections of an undesignated code are to the Government Code.) In this original proceeding (Cal. Const., art. VI, § 10), petitioners California Common Cause, League of Women Voters, and Walter Zelman seek a determination that section 85300 is unconstitutional and therefore does not override other provisions of law which we are asked to command respondents fully to enforce. Petitioners contend section 85300 is unconstitutional because it binds future legislatures from enacting any laws regarding the public funding of political campaigns. We find no merit in petitioners' position and accordingly shall deny their application for writ of mandate.

The Political Reform Act of 1974 (Act) was an initiative measure intended to correct election abuses in California. (§§ 81001, 81002; see Diamond et al., *California's Political Reform Act: Greater Access to the Initiative Process* (1975) 7 Sw.U. L.Rev. 453, 463-464; hereafter cited as *California's Political Reform Act.*) The drafters designed the Act to provide California voters a greater degree of governmental supervision over the political process. (*Ibid.*) The Act was deemed necessary as the legislative and executive departments had been generally unresponsive to political reform. (*California's Political Reform Act, supra,* at p. 464.) It is the intent of the Act that "[s]tate and local government . . . serve the needs and respond to the wishes of all citizens equally, without regard to their wealth." (§ 81001, subd. (a).)

At the June 1988 general election, the voters approved two initiative measures, Propositions 68 and 73, both of which amended the Act but, in some instances, in conflicting ways. Proposition 68, supported by petitioners, created a mechanism for the public financing of candidates seeking election to the state Legislature by the establishment of a campaign reform fund to be funded by taxpayers. Proposition 73 added section 85300 to the Act which prohibits the use of public money in all political campaigns.

Section 85300 provides: "No public officer shall expend and no candidate shall accept any public moneys for the purpose of seeking elective office."

Both Propositions 68 and 73 were approved by a majority of the electorate, but Proposition 73 received the greater number of affirmative votes. Article II, section 10, subdivision (b) of the California Constitution provides that where provisions of two initiative measures approved at the same election conflict, the provisions of the measure receiving the higher affirmative vote prevail.

Respondent Fair Political Practices Commission (FPPC) has "primary responsibility for the impartial [and] effective administration" of the Act (§ 83111). Following the election, FPPC received from the California Political Attorneys Association a request for an opinion regarding how much, if any, of Proposition 68 survived the passage of Proposition 73. (11 FPPC Opns. (Nov. 9, 1988) p. 1; see § 83114.) In a report issued November 1988, the FPPC concluded the provisions in Proposition 68 for public financing of election campaigns conflict with and therefore must give way to section 85300, enacted as part of Proposition 73, prohibiting public financing of campaigns. (11 FPPC Opns., *supra*, at pp. 2, 10-11.)

Thereafter, petitioners commenced this proceeding seeking to establish that section 85300 is unconstitutional. Citing numerous decisional authorities which hold that neither the Legislature nor the electorate through the initiative process can bind future legislatures by adopting rules not capable of change, petitioners argue section 85300 binds future legislatures by prohibiting them "from enacting a particular category of legislation . . . [i.e.,] legislation providing for public financing of election campaigns . . . ."

The cases upon which petitioners rely are not on point. In each of them the challenged statutory provision directly conflicted with authority vested in the legislative body by the paramount organic law. While these provisions did purport to "bind the hands" of future legislative bodies, they were invalid precisely because they were in conflict with the constitution or local charter.

*City and County of San Francisco* v. *Patterson* (1988) 202 Cal.App.3d 95 [248 Cal.Rptr. 290] was an action to remove from the ballot a proposed initiative measure that would by ordinance prohibit the board of supervisors from approving certain real property sales. The court ordered the measure removed because such an ordinance would conflict with the board's authority under the charter to sell or lease city property. (At pp. 103-105.) In *People's Advocate, Inc.* v. *Superior Court* (1986) 181 Cal.App.3d 316 [226

Cal.Rptr. 640], a statutory initiative measure was approved which limited the amount of money the Legislature could appropriate for its own operations. This court invalidated the statute because it conflicted with article IV, section 12 of the California Constitution, which reserves to the Legislature the power to govern its own operations. (At pp. 326-329.)[1] And in *Campen v. Greiner* (1971) 15 Cal.App.3d 836 [93 Cal.Rptr. 525], the court ordered removed from the ballot a proposed ordinance prohibiting the enactment of a future utility users' tax without the consent of the voters. In so holding, the court noted the power to tax was vested in the city council by the charter. (At pp. 841-843.)

■ Section 85300 does not conflict with organic law. Contrary to petitioners' claim, there is nothing in the Constitution that excepts from the initiative power reserved to the people the issue of public subsidy for electoral office seekers. Likewise there is no constitutional provision vesting in the Legislature exclusive authority over the financing of political campaigns. Section 85300 places no express demands or prohibitions upon the Legislature. It merely forbids the expenditure or use of public monies for the purpose of seeking elective office.

In fact, if petitioners' position were the law, and had Proposition 68 received the greater number of votes, its provisions for public financing of election campaigns would not survive a challenge such as petitioners interpose here. Proposition 68 amended the Act to provide that "No payments [to an election campaign] shall be made from any source other than the Campaign Reform Fund." (§ 85505.) That simple statutory declaration has at least as much of an inhibiting effect on future inconsistent legislative action as does section 85300.

Petitioners' argument necessarily implies that section 85300 is an absolute, inflexible provision beyond the power of the Legislature to change. This ignores the fact section 85300—like other provisions of the Act—may be amended by a bill concurred in by two-thirds of the membership of the Legislature and signed by the Governor. (§ 81012, subd. (a).)[2]

■ Petitioners contend, however, the two-thirds vote requirement of section 81012, subdivision (a) is unconstitutional. Their argument is based upon article IV, section 8, subdivision (b) of the California Constitution

---

[1] Petitioners' request that we take judicial notice of certain points and authorities filed in *People's Advocate, Inc.* v. *Superior Court, supra,* 181 Cal.App.3d 316, is denied.

[2] Section 81012 is part of the Act as added by initiative measure approved by the electorate in 1974. Proposition 73 added section 85103 which provides that "section 81012 shall apply to the amendment of [the provisions of Proposition 73]."

which states in pertinent part: "No bill may be passed unless . . . a majority of the membership of each house concurs." Petitioners overlook article II, section 10, subdivision (c) of the California Constitution which states: "The Legislature may amend or repeal referendum statutes. It may amend or repeal an initiative statute by another statute that becomes effective only when approved by the electors unless the initiative statute permits amendment or repeal without their approval." Under article II, section 10, subdivision (c), the voters have the power to decide whether or not the Legislature can amend or repeal initiative statutes. This power is absolute and includes the power to enable legislative amendment *subject to conditions attached by the voters.* (See *Franchise Tax Bd.* v. *Cory* (1978) 80 Cal.App.3d 772, 776-777 [145 Cal.Rptr. 819].) This included power was exercised by the voters in their passage of the Act, which permits the Legislature to amend the Act subject to certain conditions, including a two-thirds vote, as set forth in section 81012, subdivision (a). (*Id.* at pp. 776-777, fns. 5 & 6.) Now that section 85300 has been added to the Act, it likewise is capable of amendment by a two-thirds vote of the Legislature. (See § 85103.)[3]

" 'The amendment of the California Constitution in 1911 to provide for the initiative and referendum signifies one of the outstanding achievements of the progressive movement of the early 1900's. Drafted in light of the theory that all power of government ultimately resides in the people, the amendment speaks of the initiative and referendum, not as a right granted the people, but as a power reserved by them. ▮ Declaring it "the duty of the courts to jealously guard this right of the people" the courts have described the initiative and referendum as articulating "one of the most precious rights of the democratic process". . . . "[I]t has long been our judicial policy to apply a liberal construction to this power wherever it is challenged in order that the right be not improperly annulled. If doubts can reasonably be resolved in favor of the use of this reserve power, courts will preserve it." ' " (Citations omitted; *Fair Political Practices Com.* v. *Superior Court* (1979) 25 Cal.3d 33, 41 [157 Cal.Rptr. 855, 599 P.2d 46].)

Accordingly, we reject petitioners' constitutional challenge to section 85300 and conclude the people properly could by initiative measure enact a statute prohibiting the use of public monies in election campaigns.

---

[3] By challenging the two-thirds vote provisions of section 81012, subdivision (a), petitioners call into question the constitutionality of the Act itself, a curious turn of events since petitioner California Common Cause helped draft and was a leading supporter of the Act. (See *California's Political Reform Act, supra,* p. 463, fn. 41.)

The petition for writ of mandate is denied. Respondents and real parties in interest are to recover costs.

Sims, J., and Marler, J., concurred.

Petitioners' application for review by the Supreme Court was denied August 16, 1990.